THOMAS A. JOHNSON, #119203
KRISTY M. HORTON, #271250
Law Office of Thomas A. Johnson
400 Capitol Mall, Suite 2560
Sacramento, California 95814
Telephone: (916) 442-4022

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BOBBY SANDERS,<br><br>    Defendant. | Case No.: 2:16-cr-00081-JAM<br><br>NOTICE OF MOTION AND MOTION TO BE RELEIVED AS COUNSEL OF RECORD<br><br>Date:   September 11, 2018<br>Time:   9:15 a.m.<br>Judge: John A. Mendez |

TO: McGREGOR W. SCOTT, United States Attorney, and Kevin Khasigian, Assistant United States Attorney:

Please that note that on September 11, 2018, or as soon thereafter as the matter may be heard in the above-captioned court, undersigned counsel for defendant, Bobby Sanders, will move, and hereby does move, for an order relieving him as retained counsel for Mr. Sanders in this case.

This motion is being brought on the grounds that an irreconcilable conflict and fundamental breakdown in the professional relationship has developed between Mr. Sanders and counsel, to the extent that Mr. Sander's Sixth Amendment right to counsel may be adversely affected if counsel remains in the case.

- 1 –

1. In bringing this motion, counsel is relying on this Notice of Motion, the
2. Memorandum of Points and Authorities filed herewith, the file and record generated in
3. this case, and all evidence adduced at the hearing of this matter.
4.
5. Dated: August 28, 2018
6.
7. Respectfully submitted,
8.  /s/ Thomas A. Johnson
9. THOMAS A. JOHNSON
   Attorney for Bobby Sanders

THOMAS A. JOHNSON, #119203
KRISTY M. HORTON, #271250
Law Office of Thomas A. Johnson
400 Capitol Mall, Suite 2560
Sacramento, California 95814
Telephone: (916) 442-4022

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BOBBY SANDERS,<br><br>Defendant. | Case No.: 2:16-cr-00081-JAM<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL OF RECORD<br><br>Date: September 11, 2018<br>Time: 9:15 a.m.<br>Judge: John A. Mendez |

## **INTRODUCTION**

Thomas A. Johnson, retained counsel for defendant, BOBBY SANDERS, in the above-captioned case, moved to be relieved from further representation on the grounds that an irreconcilable conflict and fundamental breakdown in the professional relationship has developed between counsel and Mr. Sanders. As more fully described below, in light of the conflict, Mr. Sander's Sixth Amendment right to counsel may be impaired if counsel is not relieved.

## **STATEMENT OF FACTS**

On April 14, 2016, Defendant, Bobby Sanders, was indicted with two counts of tax evasion in violation of 26 U.S.C § 7201. On May 12, 2016, Defendant was arraigned and continued to be released on his own recognizance. Status Conferences were held on

August 16, 2016, and January 9, 2018. A Trial Confirmation Hearing is currently set for September 18, 2018, with a Jury Trial date scheduled for October 29, 2018.

On August 21, 2018, an offer was made to Mr. Sanders to plead to two misdemeanor counts of willfully failing to file a tax return in violation of 26 U.S.C. § 7203 and pay restitution of $93,653.00 prior to sentencing. The deadline to accept the offer was August 24, 2018 at 5:00 p.m. Defense counsel was not able to meet with Mr. Sanders until August 24, 2018. Defense counsel spoke to the Assistant United States Attorney regarding the offer and was informed that no changes would be made to the offer and that the offer was final. This was communicated to Mr. Sanders.

A request to extend the deadline to accept the offer was granted until August 27, 2018 at 5:00 p.m. Consequently, Mr. Sanders did not accept the offer by the deadline and has resulted in a breakdown of the attorney-client relationship to the extent that Mr. Sander's Sixth Amendment right to effective assistance of counsel might be compromised if counsel remains in this case. In addition, Mr. Sanders has made accusations against defense counsel which places counsel in direct conflict with Mr. Sander's interest.[1]

### POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION

In order to be relieved as counsel, there must be a showing of good cause, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which would lead to an apparently unjust verdict. United States v. Calabro, 467 F.2d 973, 986 (2d Cir. 1972) (*citing* Brown v. Craven, 424 F.2d 1166, 1169 (9th Cir. 1970). If the Court refuses to inquire into a seemingly substantial complaint about counsel when it has no reason to suspect the bona fides of the defendant, or if on discovering justifiable dissatisfaction a court refuses to replace the attorney, the defendant may then properly claim denial of his Sixth Amendment right. *Id*. In the

---

[1] Counsel is prepared to inform the Court of Mr. Sander's accusation in closed session on September 11, 2018, the date this matter is scheduled to be heard.

- 4 –

absence of a conflict which presents such a Sixth Amendment problem, the trial court has discretion to decide whether to grant a continuance during the course of trial for the substitution of counsel, and that decision will be reversed only if the court has abused its discretion. *Id*.

In the case of a conflict of interest, any conflict counsel might have can result in ineffective assistance of counsel. *See* Strickland v. Washington, 466 U.S. 668, 692 (1984) (right of effective assistance of counsel impaired when defense counsel operates under conflict of interest, because "counsel breaches the duty of loyalty, perhaps the most basic of counsel's duties").

A conflict of interest can arise when a client accuses his lawyer of malpractice. *See, e.g.*, United States v. Morris, 259 F.3d 894, 899 (7th Cir. 2001) (counsel's interest in avoiding malpractice suit conflicted with his duty to effectively represent defendant in motion to withdraw guilty plea on grounds of false information provided by counsel); Lopez v. Sully, 58 F.3d 48, 51 (2nd Cir. 1995) (presuming prejudice when arguing in favor of his client's motion to withdraw his guilty plea would force the attorney to admit a serious ethical breach and subject him to liability for malpractice).

In Lopez v. Sully, 58 F.3d at 41, the defendant accused his lawyer of coercing him to plead guilty. After acknowledging sentencing is a critical state of a criminal case at which a defendant is entitled to effective assistance of counsel, the court stated:

> [T]he district court correctly concluded that, "given the charges of the incompetence that Lopez levelled [sic] against [his attorney], there was a conflict in this attorney's continued representation" at sentencing. "An attorney has an actual … conflict of interest when, during the course of the representation, the attorney's and defendant's interests diverge with respect to a material factual or legal issue or to a course of action" (citation omitted).
>
> We agree with the district court that Lopez's trial counsel had an actual conflict of interest at the time Lopez was sentenced. In a pro se motion to withdraw his guilty plea, which Lopez had presented to the trial court at the commencement of the sentencing proceeding, Lopez alleged that his

attorney had coerced him into pleading guilty. At that point, the attorney had an actual conflict of interest: to argue in favor of his clients motion would require admitting to serious ethical violations and possibly subject him to liability for malpractice; on the other hand, "any contention by counsel that defendant's allegations were not true would … contradict his client" (citations omitted).

Alternatively, an irreconcilable conflict may be found in the Ninth Circuit where the conflict between client and attorney prevents the defendant from communicating with their attorney to the extent that it interferes with the preparation for trial. *See* United States v. Reyes-Bosque, 596 F.3d 1017, 1043 (9th Cir. 2010); Brown v. Craven, 424 F.2d 1166, 1169 (9th Cir. 1970).

Before ruling on a motion to relieve counsel due to an irreconcilable conflict, "a district court must conduct 'such necessary inquiry as might ease the defendant's dissatisfaction, distrust, and concern.'" Reyes-Bosque, 596 F.3d at 1033. In making this determination, the district court should inquire into 1) how long a continuance new counsel would require, if any; 2) how much inconvenience would result from the substitution; 3) how much the breakdown in communication prevented adequate preparation; and 4) why the defendant did not make the motion earlier, if the motion was late. *Id*. In United States v. McDaniel, 995 F. Supp. 1095, 1096 (C.D. Cal. 1998), the court stated the defendant's motion, filed nearly one month before trial, was prima facie timely in the sense that it was not filed on the eve of trial, but denied the motion on other grounds.

In this case, there exists a complete breakdown in the attorney-client relationship and a conflict of interest between Mr. Sanders and undersigned counsel. A fundamental conflict of interest has arisen between Mr. Sanders and undersigned counsel which merits counsel being relieved from further representation in this case.

## **CONCLUSION**

Based upon the foregoing reasons, undersigned counsel requests that the Court issue an order relieving him as counsel of record for Mr. Sanders.

Dated: September 4, 2018

Respectfully submitted,

/s/ Thomas A. Johnson
THOMAS A. JOHNSON
Attorney for Bobby Sanders