RANDY SUE POLLOCK
Attorney at Law (CSBN 64493)
286 Santa Clara Avenue
Oakland, CA 94610
Telephone: (510) 763-9967
Facsimile: (510) 380-6551

Attorney for Defendant
BOBBY LOUIS SANDERS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BOBBY SANDERS,<br><br>Defendant. | Case No.: 2:16-cr-00081-JAM<br><br>**UNOPPOSED MOTION TO VACATE TRIAL DATE AND SET STATUS CONFERENCE; PROPOSED ORDER**<br><br>Date: October 9, 2018 (Status Hearing)<br>Time: 9:15 a.m.<br>Judge: John A. Mendez |

Defendant Bobby Sanders, by and through his newly retained counsel of record, Randy Sue Pollock, hereby requests that in light of Mr. Sanders' hiring new counsel, the trial date of October 29nd be vacated and the matter be set for a status conference on October 9th.

1. By previous order, this matter was set for a Jury Trial on October 29, 2018, and a Trial Confirmation Hearing on October 2, 2018.

2. On September 11, 2018, this Court granted former counsel's motion to withdraw as counsel for Mr. Sanders and continued the Trial Confirmation Hearing from September 18 to October 2, 2018. Mr. Sanders retained new counsel, Randy Sue Pollock, on or about September 20, 2018.

3. To date, the Government has produced approximately 2,000 pages of discovery in this case. Defense counsel has yet to review the discovery. Counsel intends to retain the services of an investigator who was a former Criminal Investigator for the IRS to assist

- 1 –

her in preparing this case. Counsel believes the failure to grant this motion would deny Mr. Sanders continuity of counsel and defense counsel would be denied reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

4. Furthermore, Defense counsel is requesting a continuance because counsel is currently scheduled to start a multi-defendant drug conspiracy/money laundering trial on February 5, 2019 in the Eastern District of Kentucky (Lexington) [*United States vs. Matthews, Case No. 17-118-KKC*]. This is a complex case with over 5000 pages of discovery that includes many financial records and hundreds of pages of text messages and emails. The trial is going to proceed on the date presently set for trial. Counsel anticipates having to travel to Kentucky in November and January for pretrial motions. Additionally, counsel's client resides in Irvine, California and counsel needs to travel there often to meet with her investigator and co-counsel in CDCA. Counsel is actively involved in trial preparation in this case now at this time.

5. Additionally, counsel has a possible retrial in *United States vs. Lin, CR. 15-00065-BLF* in the NDCA (San Jose). A hung jury was declared on June 4, 2018, after a month-long trial and counsel is returning to court on October 16th to determine if the tax fraud counts will be retried as well as the bank fraud counts that were severed. Counsel also has several other ongoing representative matters that require her attention in both state and federal court.

6. Defense counsel has notified the Assistant United States Attorney, Kevin Khasigian, and the government does not object to vacating the current trial date and setting the matter for a status conference on October 9th.

7. Based on the above-stated findings, the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial within the original date prescribed by the Speedy Trial Act.

8. For the purpose of computing time under the Speedy Trial Act, 18 United States Code Section 3161(h)(7)(A) within which trial must commence, the time period of September 30, 2018, to October 9, 2018, inclusive, is deemed excludable pursuant to 18 United

States Code Section 3161(h)(7)(A) and (B)(iv), corresponding to Local Code T-4 because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

9. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Date: September 25, 2018              /s/ RANDY SUE POLLOCK
                                      RANDY SUE POLLOCK
                                      Counsel for Defendant
                                      BOBBY LOUIS SANDERS

## **ORDER**

The Court hereby grants the motion submitted by Defendant Bobby Sanders. The previously scheduled Jury Trial and Trial Confirmation Hearing dates are vacated, and a status hearing is set for October 9, 2018 at 9:15 a.m. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) within which trial must commence, the time period from September 20, 2018, to October 9, 2018, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), corresponding to Local Code T-4 because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IT IS SO ORDERED.**

DATED: September 27, 2018              /s/ John A. Mendez
                                       THE HONORABLE JOHN A. MENDEZ
                                       UNITED STATES DISTRICT COURT JUDGE